UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOSHUA EICHELBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-CV-00104-JRG-CRW |
| | ) | |
| SULLIVAN COUNTY SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner housed at the Sullivan County Detention Center, has filed a pro se civil rights action under 42 U.S.C. § 1983 against the Sullivan County Sheriff's Office [Doc. 1], and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court will grant Plaintiff's motion and dismiss this case as frivolous.

**I.     MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion [Doc. 4] that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk also will be **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. ANALYSIS

### A. Plaintiff's Allegations

In early May 2021, while housed at the Sullivan County Detention Center, Plaintiff fell and could not feel his legs [Doc. 1 p. 3-4]. Plaintiff was moved to a medical cell, where medical staff "more or less" accused Plaintiff of faking illness [*Id*. at 4]. Plaintiff was sent back to his original cell for one week, and then he was transferred to Bristol Medical Center for a C.T. scan [*Id*.]. "[N]othing showed up" on the scan, and Plaintiff was returned to his cell for a month and a half, during which time he defecated and urinated on himself [*Id*.]. No staff members assisted Plaintiff, but rather, other inmates cleaned him up, and helped him eat, change, and move [*Id*.].

On July 8, 2021, Plaintiff was sent to Holston Valley Medical Center and received an M.R.I. [*Id*.]. Plaintiff received a diagnosis of M.S.[1] as a result of that examination and will now "be stuck in a wheelchair" for the remainder of his life [*Id*.].

Aggrieved, Plaintiff filed this action on or about August 8, 2022, claiming that earlier medical intervention would have prevented deterioration of his nerves, and thus, would have allowed him to continue walking [*Id*. at 4-5].

---

[1] The Court presumes Plaintiff was diagnosed with multiple sclerosis, "a potentially disabling disease of the brain and spinal cord." Mayo Clinic, *Multiple Sclerosis*, https://www.mayoclinic.org/diseases-conditions/multiple-sclerosis/symptoms-causes/syc-20350269 (last accessed Sep. 12, 2022).

### B. Screening Standards

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings filed in civil rights cases and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### C. Analysis

As a preliminary matter, the Court notes that Plaintiff has named the Sullivan County Sheriff's Office as the sole liable party in this action. However, a sheriff's office is not a "person" subject to liability under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983.") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Therefore, the Sullivan County Sheriff's Office must be dismissed.

The Court otherwise finds that Plaintiff's complaint is untimely. Plaintiff's complaint was signed on August 8, 2022, and it complains of unconstitutional conditions of confinement and a delay in medical treatment between May and July of 2021 [Doc. 1 p. 3-5]. In § 1983 actions, federal district courts apply the State's statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See Tenn. Code Ann*. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable, s*ee Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action is complete. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule starting limitations period is "when the plaintiff has a complete and present cause of action").

4

The injuries forming the basis of Plaintiff's conditions-of-confinement and delay-in-medical-care claims were discoverable and complete as of July 8, 2021, when Plaintiff was diagnosed with M.S. and began receiving treatment. However, Plaintiff did not file the instant suit until, at earliest, August 8, 2022, which is approximately one month past the expiration of the one-year limitations period [Doc. 1 p. 5]. Accordingly, the Court finds Plaintiff's § 1983 claims time-barred, and this action will be dismissed as frivolous. *See Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.") (citation omitted).

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. This action will be **DISMISSED** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b); and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE